UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELANIE DEFALCO,

    Plaintiff,                                          Case No. 21-CV-10386

vs.                                                    HON. MARK A. GOLDSMITH

COMMISSIONER ANDREW M. SAUL,[1]

    Defendant.
_____/

**OPINION & ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION DATED MAY 24, 2022 (Dkt. 25), (2)
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Dkt. 20), (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(Dkt. 23), AND (4) AFFIRMING THE COMMISSIONER'S DECISION**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Patricia Morris, issued on May 24, 2022 (Dkt. 25). In the R&R, the magistrate judge recommends that the Court deny Plaintiff Melanie Defalco's motion for summary judgment (Dkt. 20) and grant Defendant the Commissioner of Social Security's motion for summary judgment (Dkt. 23), affirming the Commissioner's final decision denying Plaintiff's claim for disability insurance benefits and supplemental security income.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal

---

[1] This lawsuit was brought against the prior Commissioner of Social Security, Andrew Saul. Subsequently, Kilolo Kijakazi became the Acting Commissioner of Social Security.

conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, Plaintiff's motion for summary judgment (Dkt. 20) is denied, the Defendant's motion for summary judgment (Dkt. 23) is granted, and the Commissioner's decision is affirmed.

SO ORDERED.

s/Mark A. Goldsmith
Mark A. Goldsmith
United States District Judge

Dated: June 9, 2022